**KOLLER LAW LLC**
David M. Koller, Esq. (90119)
Jordan D. Santo, Esq. (320573)                                    *Counsel for Plaintiff*
2043 Locust Street, Suite 1B
Philadelphia, PA 19103
T: (215) 545-8917
F: (215) 575-0826
davidk@kollerlawfirm.com
jordans@kollerlawfirm.com

## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **TERESA REAM,** | : | **Civil Action No.** |
| **252 Alpine Way** | : | |
| **Emporium, PA 15834** | : | |
| **Plaintiff,** | : | |
| | : | |
| **v.** | : | **Complaint and Jury Demand** |
| | : | |
| **CAMERON COUNTY** | : | |
| **SCHOOL DISTRICT** | : | |
| **601 Woodland Ave** | : | |
| **Emporium, PA 15834** | : | |
| **Defendant.** | : | |

## CIVIL ACTION

Plaintiff, Teresa Ream (hereinafter "Plaintiff"), by and through her attorney, Koller Law, LLC, bring this civil matter against Cameron County School District (hereinafter "Defendant"), for violations of the Age Discrimination in Employment Act ("ADEA") and the Pennsylvania Human Relations Act ("PHRA"). In support thereof, Plaintiff avers as follows:

## THE PARTIES

1. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

2. Plaintiff is an adult individual residing at the above captioned address.

3. Upon information and belief, Cameron County School District is a public school district with a location and headquarters at 601 Woodland Ave, Emporium, PA 15834.

4. At all times relevant hereto, Defendant employed managers, supervisors, agents, and employees who Plaintiff alleges had the authority to make decisions concerning Plaintiff's employment. In making said decisions, these individuals engaged in the pattern and practice of discriminatory treatment, which forms the basis of Plaintiff's allegations in the instant Complaint.

5. At all times relevant hereto, Defendant employed managers, supervisors, agents, and employees who acted directly or indirectly in the interest of the employer. In so acting, these individuals engaged in the pattern and practice of discriminatory treatment, which forms the basis of Plaintiff's allegations in the instant Complaint.

## JURISDICTION AND VENUE

6. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

7. The Court may properly maintain personal jurisdiction over Defendant because the Defendant's contacts with this state and this judicial district are sufficient for the exercise of jurisdiction and comply with traditional notions of fair play and substantial justice, thus satisfying the standard set forth by the United States Supreme Court in International Shoe Co. v. Washington, 326 U.S. 310 (1945) and its progeny.

8. The Court may exercise original subject-matter jurisdiction over the instant action pursuant to 28 U.S.C. §§ 1331 and 1343(a)(4) because it arises under the laws of the United States and seeks redress for violations of federal law.

9. The Court may also maintain supplemental jurisdiction over state law claims set forth herein pursuant to 28 U.S.C. § 1367(a) and Rule 18(a) of the Federal Rules of Civil Procedure because they are sufficiently related to one or more claims within the Court's original jurisdiction that they form part of the same case or controversy.

10. Venue is properly laid in the Middle District of Pennsylvania pursuant to 28 U.S.C. §§ 1391(b)(1) and 1391(b)(2) because Plaintiff is domiciled in this judicial district, the Defendants is located in this judicial district and because all of the acts and/or omissions giving rise to the claims set forth herein occurred in this judicial district.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

11. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

12. Plaintiff exhausted her administrative remedies under Title VII and PHRA.

13. Plaintiff timely filed a Charge of Discrimination ("Charge") with the U.S. Equal Employment Opportunity Commission ("EEOC") alleging age discrimination against Defendant.

14. The Charge was assigned a Charge Number 17F-2021-60155 and was dual filed with the Pennsylvania Human Relations Commission ("PHRC").

15. The EEOC issued Plaintiff a Dismissal and Notice of Rights ("Right to Sue") relative to the Charge and that Notice is dated November 15, 2022. Plaintiff received the notice by electronic mail.

16. Prior to the filing of this action, Plaintiff notified the EEOC of her intent to proceed with a lawsuit in federal court.

17. Plaintiff files the instant Complaint within ninety (90) days of her receipt of her Right to Sue in this matter.

18. Plaintiff has exhausted her administrative remedies as to the allegations of this Complaint.

## MATERIAL FACTS

19. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

20. Plaintiff was born on December 24, 1958.

21. In or around 1990, Plaintiff was hired by Defendant as a 5th and 6th Grade Science Teacher.

22. Throughout her tenure with Defendant, Plaintiff was well qualified for her position and performed well.

23. In or around February of 2020, an Administrative Position opened at Defendant for the role of High School Principal.

24. Plaintiff had an administrative degree.

25. However, the job posting also stated that a preferred metric was a secondary experience.

26. Plaintiff did not have a secondary experience.

27. However, in or around early March of 2020, Plaintiff met with Dr. Keith Wolfe, Superintendent, about the open position.

28. During this meeting, Plaintiff expressed her desire to apply for the position but her concerns about not having secondary experience.

29. Once hearing about Plaintiff's interest, Dr. Wolfe began to ask Plaintiff about her plans to retire.

30. Plaintiff responded that she had not given it much thought.

31. Thereafter, Dr. Wolfe informed Plaintiff that she should still apply for the position, as the secondary experience would not be an issue for him.

32. Dr. Wolfe had confirmed with the Board that they would not be concerned about lack of secondary experience before meeting with Plaintiff but did not disclose this information with the Plaintiff at the time of their initial meeting.

33. Therefore, on or around March 6, 2020, Plaintiff applied for the role of High School Principal.

4

34. After submitting her application, Plaintiff was interviewed with several secondary teachers.

35. Plaintiff also met with Amy Schwab, District Principal, to express her interest in the position and ask questions about the role.

36. Ms. Schwab also began to ask Plaintiff about her retirement plans, as if to imply that she was too old for the position.

37. However, Ms. Schwab reiterated that secondary experience would not be a deciding factor once the candidate was to be selected.

38. Then, on or around June 10, 2020, Dr. Wolfe approached Plaintiff immediately following an interview with several Board Members. Dr. Wolfe asked if she would accept the High School Principal position if Defendant offered her an annual salary of $80,000.

39. Plaintiff stated that she would accept the position.

40. Dr. Wolfe stated that he would reenter the interview area, with only a partial Board present to ask if the Board was okay with hiring Plaintiff specifically, even though the Board had to vote on the decision.

41. The next day, June 11, 2020, the School Board met to vote on the candidates for the High School Principal decision.

42. After the meeting, Ms. Schwab called Plaintiff and informed her that another candidate, Ronna Rebo, had been selected, allegedly due to her secondary experience.

43. Ms. Reba is younger than Plaintiff by approximately eight (8) years.

44. Thereafter, Sheila Guisto, Board Member, admitted to Plaintiff over the phone that she had not even looked at Plaintiff's resume before voting for Ms. Rebo to take the position.

45. Dave McManigle, Board Member, admitted the same to Plaintiff's husband.

5

46. Jeremiah Fragale, Board Member, met with Plaintiff shortly thereafter. He admitted that nobody on the Board seemed to open or review Plaintiff's application or qualifications before submitting their votes at the meeting.

47. Mr. Fragale also admitted that another Board Member had asked about Plaintiff's age prior to voting.

48. Mr. Fragale has written a sworn affidavit affirming this, which was submitted with Plaintiff's initial PHRC Charge filed on October 15, 2020.

49. According to Mr. Fragale's affidavit, Dr. Wolfe initiated the age conversation by stating that Plaintiff could retire soon and that Defendant would have to go through the hiring process over again.

50. It is Plaintiff's position that she was denied a promotion due to her age in violation of the ADEA and the PHRA.

**COUNT I – AGE DISCRIMINATION**
**<u>AGE DISCRIMINATION IN EMPLOYMENT ACT</u>**

51. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

52. Plaintiff was born on December 24, 1958.

53. Plaintiff was qualified to perform the job.

54. Defendant treated younger employees more favorably than Plaintiff.

55. No legitimate, non-discriminatory reasons exist for the above cited adverse employment actions that Plaintiff suffered.

56. The reasons cited by Defendant for the adverse employment actions that Plaintiff suffered are pretext for discrimination.

57. Defendant failed to promote Plaintiff due to her age.

58. As a result of Defendant's unlawful age discrimination, Plaintiff has suffered damages as

set forth herein.

**WHEREFORE**, Plaintiff seeks the damages set forth in the Prayer for Relief clause of this Complaint, *infra.*

## COUNT II – AGE DISCRIMINATION
## PENNSYLVANIA HUMAN RELATIONS ACT

59. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

60. Plaintiff was born on December 24, 1958.

61. Plaintiff was qualified to perform the job.

62. Defendant treated younger employees more favorably than Plaintiff.

63. No legitimate, non-discriminatory reasons exist for the above cited adverse employment actions that Plaintiff suffered.

64. The reasons cited by Defendant for the adverse employment actions that Plaintiff suffered are pretext for discrimination.

65. Defendant failed to promote Plaintiff due to her age.

66. As a result of Defendant's unlawful age discrimination, Plaintiff has suffered damages as set forth herein.

**WHEREFORE**, Plaintiff seeks the damages set forth in the Prayer for Relief clause of this Complaint, *infra.*

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, Teresa Ream, requests that the Court grant her the following relief against Defendants:

    (a)    Compensatory damages;

    (b)    Punitive damages;

(c)     Liquidated damages;

(d)     Emotional pain and suffering;

(e)     Reasonable attorneys' fees;

(f)     Recoverable costs;

(g)     Pre and post judgment interest;

(h)     An allowance to compensate for negative tax consequences;

(i)     A permanent injunction enjoining Defendants, its directors, officers, employees, agents, successors, heirs and assigns, and all persons in active concert or participation with it, from engaging in, ratifying, or refusing to correct, employment practices which discriminate in violation of the Title VII and the PHRA.

(j)     Order Defendants to institute and implement, and for its employees, to attend and/or otherwise participate in, training programs, policies, practices and programs which provide equal employment opportunities;

(k)     Order Defendants to remove and expunge, or to cause to be removed and expunged, all negative, discriminatory, and/or defamatory memoranda and documentation from Plaintiff's record of employment, including, but not limited, the pre-textual reasons cited for its adverse actions, disciplines, and termination; and

(l)     Awarding extraordinary, equitable and/or injunctive relief as permitted by law, equity and the federal statutory provisions sued hereunder, pursuant to Rules 64 and 65 of the Federal Rules of Civil Procedure.

## JURY TRIAL DEMAND

Demand is hereby made for a trial by jury as to all issues.

## CERTIFICATION

I hereby certify that to the best of my knowledge and belief the above matter in controversy is not the subject of any other action pending in any court or of a pending arbitration proceeding, nor at the present time is any other action or arbitration proceeding contemplated.

**RESPECTFULLY SUBMITTED,**

**KOLLER LAW, LLC**

Date: February 15, 2023

**By:**  */s/David M. Koller*
David M. Koller, Esquire
Jordan D. Santo, Esquire
2043 Locust Street, Suite 1B
Philadelphia, PA 19103
215-545-8917
davidk@kollerlawfirm.com
jordans@kollerlawfirm.com

*Counsel for Plaintiff*